UNITED STATES of America,
Plaintiff—Appellee,

v.

Darryl HARCUM, Defendant—
Appellant.

No. 10–4731.

United States Court of Appeals,
Fourth Circuit.

Submitted: Oct. 31, 2011.

Decided: Dec. 15, 2011.

344

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Benjamin M. Block, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Harcum was convicted in 2007 of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and sentenced as an armed career criminal to a term of 235 months imprisonment. *See* 18 U.S.C.A. § 924(e) (West 2000 & Supp.2011). In Harcum's first appeal, we concluded that the district court had properly applied the modified categorical approach to determine that he was an armed career criminal,[1] but vacated his sentence, and remanded for further proceedings on the ground that the district court erred in relying on the facts set out in the State-

ment of Charges filed in one Maryland court to determine that Harcum's prior Maryland second degree assault conviction was a violent felony when he pled guilty to a criminal information filed in a different Maryland court which contained no facts. *United States v. Harcum,* 587 F.3d 219, 224–25 (4th Cir.2009).

On remand, the district court conducted a de novo resentencing, permitted the government to introduce the transcript of Harcum's guilty plea to second degree assault, and determined that the assault conviction qualified as a violent felony. The court sentenced Harcum to the mandatory minimum 180–month sentence.

Harcum now appeals his new sentence, contending that (1) the court erred in conducting a de novo resentencing; (2) the plea transcript did not prove the assault was a violent felony; and (3) recent decisions from the Supreme Court and this court required the court to use a categorical approach rather than a modified categorical approach to construe the second degree assault conviction. We affirm.

■ Initially, we find no error in the district court's decision to conduct a de novo resentencing hearing and to permit the government to introduce a transcript of the guilty plea colloquy for Harcum's second degree assault conviction. Our direction to the district court on remand left the scope of the resentencing to the discretion of the court. *See United States v. Bell,* 5 F.3d 64, 67 (4th Cir.1993) ("[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first

1. *See Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *United States v. Simms,* 441 F.3d 313 (4th Cir.2006).

hearing.") (internal quotation marks omitted).

■ Next, Harcum asserts for the first time that the guilty plea transcript did not prove that the assault was a violent felony because he did not adopt or admit the facts whether a prior conviction qualifies as a crime of violence is reviewed de novo.[2] *United States v. Donnell,* 661 F.3d 890, 892–93 (4th Cir.2011). Reviewing this argument for plain error because it was not preserved for appeal, *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), we conclude that the district court did not err, plainly or otherwise, in relying on the facts proffered by the government as the factual basis for the guilty plea to find that Harcum's second degree assault conviction was a violent felony.

Harcum seeks to analogize his situation to that of the defendant in *United States v. Alston,* 611 F.3d 219 (4th Cir.2010), who entered an *Alford*[3] plea, not admitting guilt or confirming the facts underlying the plea, but pleading "for reasons of self-interest." *United States v. Taylor,* 659 F.3d 339, 346–47 (4th Cir.2011) (rejecting similar claim). Harcum pled guilty pursuant to a plea agreement. When asked by the judge whether he was pleading guilty because he was, in fact, guilty, Harcum responded, "Yes." When asked how he pleaded to second degree assault, Harcum responded, "Guilty." The factual basis for his guilty plea was that he punched the victim, who fell backward through a plate glass window and suffered injuries, including a severed tendon and artery. After hearing the facts presented, Harcum agreed that the state's witnesses would so testify. When asked, before sentence was imposed, if he wished to say anything to the judge, Harcum declined to speak. Harcum's plea was not analogous to an *Alford* plea because he specifically admitted his guilt and raised no objection to the factual basis. *See Taylor,* 659 F.3d at 347 (refusing "to dress a perfectly ordinary guilty plea in *Alford* garb in order to avoid [a § 924(e) ] enhancement.").

■ Last, Harcum contends that the district court erred in using a modified categorical approach. He asserts that the legal landscape has changed since his first appeal was decided. Generally, to decide whether a prior conviction constitutes a violent felony, the district court should use a categorical approach. *James v. United States,* 550 U.S. 192, 202, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007); *Shepard v. United States,* 544 U.S. 13, 19–20, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); *United States v. Kirksey,* 138 F.3d 120, 124–25 (4th Cir. 1998). Under this approach, the court may "rel[y] only on (1) the fact of conviction and (2) the definition of the prior offense." *Kirksey,* 138 F.3d at 124. In a limited class of cases, however, where the definition of the underlying crime encompasses both violent and non-violent conduct, "a sentencing court may use a modified categorical approach to look beyond the fact of the conviction and the elements of the offense to determine which category of behavior underlies the prior conviction." *Donnell,* 661 F.3d at 893 (citing *Johnson v. United States,* —— U.S. ——, ——, 130 S.Ct. 1265, 1273, 176 L.Ed.2d 1 (2010)). When the conviction results from a guilty plea, "a court may look to the statement of factual basis for the charge shown by a

---

2. Cases construing "crime of violence" under the Guidelines and "violent felony" under § 924(e) are both applicable because the language is nearly identical. *United States v. Knight,* 606 F.3d 171, 173 n. 1 (4th Cir.2010).

3. *North Carolina v. Alford,* 400 U.S. 25, 25–26, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Donnell,* 661 F.3d at 893 (quoting *Shepard,* 544 U.S. at 20, 125 S.Ct. 1254 (citation omitted)); *see also Harcum,* 587 F.3d at 223.

Harcum argues that, after his appeal was decided, the Supreme Court's decision in *Johnson* and this court's decision in *United States v. Rivers,* 595 F.3d 558 (4th Cir.2010), narrowed the circumstances in which the modified categorical approach may be used, and that these decisions as well as decisions from other circuits now require use of a categorical approach to analyze a prior Maryland second degree assault conviction.

However, we have very recently held that, in Maryland, second degree assault "encompasses several distinct crimes, some of which qualify as violent felonies and others of which do not," and thus a sentencing court is "entitled to use the modified categorical approach to determine whether a prior conviction for Maryland second degree assault is a crime of violence" or a violent felony. *Donnell,* 661 F.3d at 893–94 (quoting *Alston,* 611 F.3d at 222–23); *see* Md.Code Ann., Crim. Law §§ 3–203, –201(b) (LexisNexis 2010). Accordingly, contrary to Harcum's assertion on appeal, the district court was correct in using a modified categorical approach. Thus, the district court's consideration of the transcript of Harcum's guilty plea to second degree assault was permissible. Moreover, the district court correctly concluded that Harcum's second degree assault conviction was a violent felony.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*